**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Emmanuel Williams, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS SECTION 2254 PETITION** |
| v. | ) | |
| | ) | |
| Joseph Joyce, Warden, | ) | Case No.: 1:26-cv-00054 |
| | ) | |
| Respondent. | ) | |

Before the Court is a *Motion to Dismiss Section 2254 Petition* filed by Respondent Warden

Joseph Joyce ("Respondent") on May 1, 2026. (Doc. No. 7). For the reasons that follow, the Court

grants Respondent's motion (Doc. No. 7) and dismisses Petitioner Emmanuel Williams'

("Petitioner") petition for habeas corpus (Doc. No. 2).

## I.    BACKGROUND

### A.  Underlying Proceedings

On November 22, 2023, Petitioner was charged in Cass County, North Dakota with

Possession with Intent to Manufacture or Deliver Fentanyl with a Firearm, a Class A Felony. (Doc.

No. 8-4 at 1). Following a hearing and subsequent denial of Petitioner's motion to suppress,

Petitioner entered a plea of guilty to the reduced charge of Possession with Intent to Manufacture

or Deliver Fentanyl, a Class B Felony. (*Id.*).

On April 2, 2024, the state court sentenced Petitioner to five years imprisonment, with all

but eighteen months suspended, followed by twelve months of supervised probation. (*Id.*).

Petitioner did not appeal his conviction to the North Dakota Supreme Court and did not file a

petition with the United States Supreme Court for a writ of certiorari. (*See generally* Doc. No. 8-

1).

On August 8, 2025, the state probation office filed a petition for revocation, and on August 20, 2025, Petitioner was arrested on the warrant. (*Id.* at 4). After a revocation hearing on December 23, 2025, Petitioner's previous sentence was revoked and conditions of probation terminated. (Doc. No. 8-6 at 1). The court subsequently sentenced Petitioner to thirty-six months imprisonment, with credit for time served.  (*Id.*).

On January 29, 2026, Petitioner filed a notice of appeal of the revocation of probation, and on February 5, 2026, filed an amended notice of appeal. (Doc. No. 8-1 at 5). On April 9, 2026, the North Dakota Supreme Court dismissed Petitioner's matter in Supreme Court Case No. 20260045 for failure to file an appellant brief and the Mandate issued on May 1, 2026. (*See* Doc. No. 8-1 at 5). Petitioner has not filed a petition for certiorari with the United States Supreme Court. (Doc. No. 2 at 2).

Petitioner filed a *Motion for Writ of Habeus Corpus by a Person in State Custody* with this court on February 26, 2026. (Doc. No. 2).[1] On May 1, 2026, Respondent filed a *Motion to Dismiss Section 2254 Petition*. (Doc. No. 7). Petitioner filed a response to Respondent's motion on May 19, 2026. (Doc. No. 11). Respondents have not filed a reply.

## II.   DISCUSSION

### A.  Timing of Petitioner's § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a habeas corpus petition. 28 U.S.C. § 2244(d)(1). It provides in relevant part that the statute of limitations commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If certiorari was not sought, the judgment is considered final

---

[1] It is unclear whether Petitioner intended for his petition to address his original criminal judgment, revocation of probation, or both.

at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for petitioning to the United States Supreme Court for a writ of certiorari. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012); *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999).

The criminal judgment in this matter was entered on April 2, 2024. (Doc. No. 8-4 at 1). Petitioner had thirty days from April 2, 2024, to file an appeal with the North Dakota Supreme Court, and no appeal was filed. *See* N.D.R. App. P. 4(b)(1). Petitioner similarly did not file a writ with the United States Supreme Court or file a state court-post conviction application as to his original judgment. Accordingly, Petitioner's federal habeas clock began to run on May 2, 2024, which includes thirty days from entry of the criminal judgment on April 2, 2024. Because Petitioner did not seek review from the North Dakota Supreme Court within the thirty-day appeal window, his criminal judgment became final at its expiration on May 2, 2024. *See U.S. v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) ("For purposes of § 2254 proceedings, a state prisoner's conviction becomes final generally upon the expiration of direct review or the time for seeking direct review. When a state prisoner has appealed his conviction to the state court of last resort, the conclusion of the direct review process includes the 90-day period for seeking certiorari in the Supreme Court. If a prisoner stops the appeal process before that point, however, the conviction becomes final when the time for seeking further review in the state court expires.") (footnotes omitted).

As to Petitioner's revocation proceedings, the court ordered Petitioner's probation revoked on December 23, 2025. (Doc. No. 8-1 at 5). Petitioner filed a notice of appeal to the North Dakota Supreme Court on January 29, 2026, and an amended notice of appeal on February 5, 2026. (*Id.*). Petitioner had thirty days from December 23, 2025, to file his appeal, with a deadline of January

3

22, 2026. Both the notice of appeal and amended notice of appeal were untimely filed. However, upon notification from the North Dakota Supreme Court that his notice of appeal was untimely, Petitioner filed a motion for extension of time, which was granted. (*See generally Id.*).  On April 9, 2026, the North Dakota Supreme Court dismissed the action for failure to proceed under the Rules of Appellate Procedure, and the Mandate issued on May 1, 2026. (*Id.*). Petitioner's AEDPA limitations ran from December 23, 2025, until January 29, 2026, the date on which Petitioner filed his notice of appeal. *See Davis v. Purkett*, 296 F.Supp.2d 1027, 1029-30 (E.D. Mo. 2003) (finding that the statute of limitations for a federal petition begins to run the day the trial court revokes probation). AEDPA's limitations remained tolled until May 1, 2026, the date on which the North Dakota Supreme Court issued its Mandate dismissing the action for failure to proceed. Excluding the time during which the AEDPA was tolled, the statute of limitations will lapse on or about March 25, 2027.

For Petitioner's original judgment, AEDPA's limitations period ran from May 2, 2024, until on or about May 2, 2025. Petitioner's probation revocation AEDPA limitations will run until on or about March 25, 2027. Because Petitioner did not file the instant § 2254 habeas petition with this court until February 26, 2026 (*See* Doc. No. 2), approximately 665 days from the time the AEDPA limitations began to run on the original judgment, his motion is untimely. While the statute of limitations has not lapsed as to the revocation matter, it will not be permitted to proceed as further discussed below.

**B.  Equitable Tolling**

A petitioner is entitled to equitable tolling of an untimely petition in a narrow range of cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner claiming equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418)); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotations and citations omitted).

Petitioner argues that he is entitled to equitable tolling on the basis that he was not aware of his right to file a habeas petition, and his attorney did not advise him of his right to file a habeas petition. (Doc. No. 11 at 2). "The Eighth Circuit has denied equitable tolling in cases of an unrepresented petitioner alleging a lack of legal knowledge and resources*." Neil v. Farmington Corr. Ctr.*, No. 1:23-CV-00191-AGF, 2024 WL 2867503, at *2 (E.D. Mo. May 8, 2024), *appeal dismissed*, No. 25-1100, 2025 WL 2055751 (8th Cir. 2025) (collecting cases). "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003); *see also Neil*, 2024 WL 2867503, at *2 ("Ignorance of the law is not an extraordinary circumstance.). It is the responsibility of the Petitioner to diligently pursue and investigate their postconviction cases. *Rosa v. Weber*, No. CIV. 10-4167, 2011 WL 1064077, at *4 (D.S.D. Mar. 21, 2011).

Even if the court were to consider equitable tolling on other grounds, Petitioner would still not be entitled to it. Notably, Petitioner seemingly admits that he became aware of his ability to file a § 2254 petition on or about February 25, 2025. (Doc. No. 2 at 8). Even assuming Petitioner was uninformed about his ability to file a petition until February 25, 2025, he still would have been

5

able to file within the one-year statute of limitations but did not do so. Equitable tolling requires in part that a petitioner show they have been diligently pursuing their rights. Petitioner's failure to file his § 2254 petition within the one-year time frame after becoming aware of his ability to file a petition demonstrates a lack of due diligence.

As to Petitioner's contention that he is entitled to equitable tolling on the basis his attorney did not advise him of his right to file a petition, such argument does not reach the level of an extraordinary circumstance warranting equitable tolling. If a petitioner fails to present ineffective assistance of counsel claims to the state court due to failure to timely file a postconviction petition, such claims are defaulted. *See Weekly v. Kelley*, No. 5:14CV446 KGB-JTK, 2015 WL 7731600, at *2 (E.D. Ark. May 22, 20215), *report and recommendation adopted*, No. 5:14-CV-00446-KGB, 2015 WL 7738013 (E.D. Ark. Nov. 30, 2015). Here, Petitioner did not appeal or request post-conviction relief for his original judgment. Only after the conclusion of the probation revocation proceedings did he appeal.

Also relevant here is the notion that an impediment to filing must be created by state action. *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (collecting cases). Petitioner argues he is entitled to equitable tolling as counsel did not advise him of his right to file a petition. However, an attorney's failure to raise a claim in post-conviction proceedings cannot be a basis for procedural default as there is no federal constitutional right to counsel in post-conviction proceedings. *Atkins v. Pringle*, No. 3:22-CV-110, 2023 WL 11996933, at *12 (D.N.D. Mar. 14, 2023), *report and recommendation adopted*, No. 3:22-CV-110, 2023 WL 11996933 (D.N.D. May 2, 2023); *see Rosa v. Weber*, No. CIV. 10-4167, 2011 WL 1064077, at *5 (D.S.D. Mar. 21, 2011) (finding that an alleged inability to access information from former counsel or the court is not enough to invoke

equitable tolling). Because Petitioner has failed to show that any extraordinary circumstances prevented him from timely filing his petition, he is not entitled to equitable tolling in this matter.

### C. Failure to Exhaust

A petitioner is required to properly exhaust their administrative remedies before the federal district court can consider their habeas corpus petition. *See* 28 U.S.C. § 2254(b)-(c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001). There are two prongs to proper exhaustion. First, the claim must be "fairly presented," which requires that the petitioner present both the factual and legal premises for the claim, with the latter being satisfied if there is a reference to the particular federal constitutional right or a citation to a state or federal case that raises the constitutional issue. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Dansby v. Norris*, 682 F.3d 711, 722-23 (8th Cir. 2012) (vacated on other grounds); *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007). Second, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Also relevant are three other aspects related to the exhaustion doctrine. First, the exhaustion doctrine is satisfied if no state-court remedies are available and exhaustion would be futile. *E.g., Armstrong v. Iowa*, 418 F.3d 924, 926-27 (8th Cir. 2005). Second, pursuant to *Rose v. Lundy*, a petitioner is prohibited from proceeding with a "mixed petition" of exhausted and unexhausted claims. 455 U.S. 509 (1982). Finally, § 2254(b)(2) permits the court to deny a claim on the merits notwithstanding a failure to exhaust. *E.g., Gringas v. Weber*, 543 F.3d 1001, 1003 (8th Cir. 2008).

North Dakota Century Code § 29-32.1-01 prescribes the remedies available to a convicted person under the Uniform Postconviction Procedure Act. Pursuant to this section, an individual convicted of and sentenced for a crime may apply for relief on the following grounds:

a) The conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota;
b) The conviction was obtained under a statute that is in violation of the Constitution of the United States or the Constitution of North Dakota, or that the conduct for which the applicant was prosecuted is constitutionally protected;
c) The court that rendered the judgment of conviction and sentence was without jurisdiction over the person of the applicant or the subject matter;
d) The sentence is not authorized by the law;
e) Evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice;
f) A significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively;
g) The sentence has expired, probation or parole or conditional release was unlawfully revoked, or the applicant is otherwise unlawfully in custody or restrained; or
h) The conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error available before July 1, 1985, under any common law, statutory or other writ, motion, proceeding, or remedy.

N.D.C.C. § 29.32.1-01(1)(a)-(h).[2]

It is clear from the record that Petitioner has failed to exhaust his state remedies. *See Carter-Stewart v. McBee*, No. 4:24-CV-01159-MTS, 2024 WL 5007245, at *2 (E.D. Mo. Nov. 26, 2024) ("State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure."). As to the original criminal judgment, Petitioner neither filed a direct appeal to the North Dakota Supreme Court or pursue available post-conviction remedies at the state level. Petitioner also has not exhausted his state remedies as to the revocation proceedings. While Petitioner did file an appeal

---

[2] This statute further provides that an application for post-conviction relief must be filed within two years of the date on which the conviction becomes final, subject to exceptions that are not relevant here. *See* N.D.C.C. § 29-32.1-01(2)-(3).

to the North Dakota Supreme Court, and a mandate was issued on May 1, 2026, there is no indication Petitioner has used the available post-conviction procedures established by statute or filed an application for post-conviction relief prior to filing the habeas petition in this court. Moreover, "in most cases, claims that have been procedurally defaulted at the state level are not reviewable in federal court." *Freeman v. Bertsch*, No. 1:06-CV-093, 2007 WL 1202839, at *3 (D.N.D. Apr. 23, 2007). Petitioner's revocation appeal to the North Dakota Supreme Court was dismissed on the basis he failed to follow the Rules of Appellate Procedure. Because Petitioner has not exhausted his claims in state court using available state-court procedures before turning to this court, and his appeal to the North Dakota Supreme Court essentially resulted in a procedural default, his revocation matter is not reviewable by this court and he has failed to exhaust his state remedies as to both the revocation matter and his original criminal judgment.

## III.    CONCLUSION

For the reasons articulated above, Respondent's motion (Doc. No. 7) is **GRANTED**. Petitioner's motion for habeas corpus relief (Doc. No. 2) is **DISMISSED**.

Finally, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*. The Court further will not issue a certificate of appealability as dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or deserving of further proceedings. If Petitioner desires further review of the petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit of Appeals in accordance with *Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 20th day of July, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

9